IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| American Reliable Insurance Company, | ) | 9:25-cv-03363-DCN |
| | ) | CIVIL CASE NO.: _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| Edilma Morales and Adrian Hernandez | ) | |
| d/b/a Hernandez Construction, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, Plaintiff American Reliable Insurance Company ("American Reliable"), by and through its undersigned counsel, and files this Complaint for Declaratory Judgment to determine the rights and obligations of the parties, and would respectfully show as follows:

## NATURE OF THIS ACTION

1. This is an action for Declaratory Judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.*, to determine and resolve questions of actual controversy involving the rights and obligations under insurance policies issued by American Reliable to Edilma Morales for the periods of May 19, 2020 to May 19, 2021/Policy HGL02524104 (Policy 1), and May 19, 2021 to May 19, 2022/Policy HGL02524105 (Policy 2) (collectively referred to as American Reliable Policies).

2. American Reliable seeks a declaration that no coverage is available to Edilma Morales or any other insured under the American Reliable Policies in connection with a lawsuit pending in the Beaufort County Court of Common Pleas, bearing Civil Action Number 2022-CP-07-00716 (Underlying Liability Action), summarily captioned *Hatcher v. Boshaw Residential, LLC, et al.*, in which owners of a custom home and the general contractor of the custom home

allege liability against various entities, including specifically Edilma Morales, Aaron Hernandez, and Hernandez Construction, for alleged defects in their work on the custom home.

## PARTIES, JURISDICTION, and VENUE

3. American Reliable Insurance Company is a corporation organized and existing under the laws of the State of Arizona, with its office and principal place of business located in the State of Arizona.

4. On information and belief, Defendants Edilma Morales and Adrian Hernandez are residents and citizens of Jasper County, South Carolina.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship among the parties, and the amount in controversy exceeds Seventy- Five Thousand Dollars ($75,000). The Court further has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, because there is a present controversy regarding the parties' rights and obligations with respect to the application of the American Reliable Policies to the Underlying Liability Action.

6. This Court has personal jurisdiction over the Defendants either because they reside in the state, or are parties to and subject to, personal jurisdiction in the Underlying Liability Action to which this Declaratory Judgment Action relates.

7. Venue lies within the District of South Carolina pursuant to 28 U.S.C. § 1391, because the events giving rise to the Underlying Liability Action and this Declaratory Judgment Action occurred in the state and this judicial district.

**FACTUAL ALLEGATIONS**

8. In May 2020, American Reliable issued to Edilma Morales Policy 1, in effect for the period of May 19, 2020 to May 19, 2021, affording commercial general liability coverage subject to the Policy's express and implied terms, provisions, exclusions and conditions.

9. A true and correct copy of Policy 1 is attached hereto as <u>Exhibit 1</u>.

10. In May 2021, American Reliable issued to Edilma Morales Policy 2, in effect for the period of May 19, 2021 to May 19, 2022.

11. A true and correct copy of Policy 2 is attached hereto as <u>Exhibit 2</u>.

12. The Hatchers entered into a contract with Boshaw on November 11, 2020, for Boshaw to build a home for them pursuant to the terms and conditions of their contract (the Project).

13. Boshaw hired Defendants as subcontractors on the Project, and Defendants supplied and installed framing, doors, windows, building wrap, roofing felt and underlayment, decks, porches, all related flashings, weatherproofing, and other components.

14. Upon information and belief, Defendants' work on the Project took place between May and October 2021.

15. While the Project was still under construction, disputes arose between the Hatchers and Boshaw over various elements of the Project.

16. On October 13, 2021, the Hatchers terminated Boshaw and its subcontractors, including Defendants, from any further work on the Project.

17. At the time of termination, neither Boshaw nor Defendants had completed their work on the Project, including that there had not been a final framing inspection, Defendants did not have an opportunity to complete a punch list, and the roof was not completed.

18. After the Hatchers terminated Boshaw and Defendants, they hired a new contractor, Kendrick Construction, to assess the condition of and complete the Project.

19. Kendrick Construction allegedly found many issues with Defendants' uncompleted work, including but not limited, to issues with the roof sheathing and plywood, framing, window installation, and flashing.

20. Kendrick Construction fixed or replaced issues allegedly caused by Defendants' faulty work, and completed the Project.

21. On April 28, 2022, the Hatchers filed the Underlying Liability Action against Boshaw, claiming breach of contract and negligence related to the work Boshaw and its subcontractors performed on the Project.

22. Boshaw subsequently filed a third-party complaint, naming Defendants Edilma Morales and Adrian Hernandez d/b/a Hernandez Construction, and asserted claims for indemnity, breach of contract, negligence, and breach of warranties.

23. Boshaw's claims against Defendants assert that, if the Hatchers prove they have sustained damages related to the labor, materials, products, or services Defendants provided, then Defendants will be liable to Boshaw for the failure to provide labor, materials, products, and services free from defects or otherwise in conformity with the plans, specifications, building codes, manufacturer's instructions, and industry customs, practices, and standards.

24. The Hatchers subsequently asserted crossclaims against Defendants for the same claims the Hatchers have against Boshaw, including requesting an award of punitive damages against Defendants.

25. American Reliable appointed and is paying for counsel to defend the Defendants in the Underlying Liability Action, subject to a reservation of rights.

**American Reliable Policies**

26.     The American Reliable Policies state in relevant part as follows:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

      **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

. . . .

      **b.** This insurance applies to "bodily injury" and "property damage" only if:

         **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
         **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
         **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Exhibits 1, 2, p. 12).

   **SECTION V - DEFINITIONS**

. . . .

      **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . . .

5

**17.** "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Exhibits 1, 2, p. 26).

27. The American Reliable Policies include, among others, the following exclusions:

**Exclusion for Contractual Liability**

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage["], provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

(Exhibits 1, 2, p. 13).

**Exclusion for Damage to Property**

**j. Damage To Property**

"Property damage" to

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

6

>> **(3)** Property loaned to you;
>> **(4)** Personal property in the care, custody or control of the insured;
>> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
>> . . . .
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

(Exhibits 1, 2, p. 15-16)

> **16.** Products-completed operations hazard":
>
>> **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>>> **(1)** Products that are still in your physical possession; or
>>> **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>>>> **(a)** When all of the work called for in your contract has been completed.
>>>> **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>>>> **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>>
>> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(Exhibits 1, 2, p. 26)

> **Exclusion for Damages Associated with "Your Product"**
>
>> **k.** Damage To Your Product
>
> "Property damage" to "your product" arising out of it or any part of it.

(Exhibits 1, 2, p. 16)

>> **21.** "Your product"
>
>> **a.** Means:
>>> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>>>> **(a)** You
>>>> **(b)** Others trading under your name; or
>>>> **(c)** A person or organization whose business or assets you have acquired;

7

    **b.** Includes:
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
        **(2)** The providing of or failure to provide warnings or instructions.

(Exhibits 1, 2, p. 27)

    **Exclusion for Damages Associated with "Your Work"**

    **l.** Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damages arises was performed on your behalf by a subcontractor.

(Exhibits 1, 2, p. 16)

    **22.** "Your work"
    **a.** Means:
        **(1)** Work or operations performed by you or on your behalf; and
        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
        **(2)** The providing of or failure to provide warnings or instructions.

(Exhibits 1, 2, p. 27)

    **Exclusion for Damage to Impaired Property**

    **m.** Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

(Exhibits 1, 2, p. 16)

    **8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

        **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

        **b.** You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

(Exhibits 1, 2, p. 24)

    **Exclusion for Punitive Damages**

    This insurance does not apply to:

        Any amounts or damages awarded against an "insured" as punitive or exemplary damages.

(Exhibits 1, 2, p. 80)

**COUNT I
DECLARATORY JUDGMENT**
No Duty to Defend or Indemnify Defendants under the American Reliable Policies
Due to an Absence of Coverage and/or any Implicated Coverage is Excluded

    28.    Plaintiff repeats and realleges Paragraphs 1-27 as though fully set forth herein.

    29.    Plaintiff has no obligation to defend or indemnify Defendants under the American Reliable Policies for the allegations against Defendants in the Underlying Liability Action because:

        a.   There is no occurrence under the Policies because the alleged property damage reflects the removal, replacement, repair or remediation of the allegedly defective product or work of Defendants.

        b.   Coverage is excluded under the American Reliable Policies pursuant to Exclusion b. for Defendants' liability for breach of contract.

9

    c. Coverage is excluded under the American Reliable Policies pursuant to Exclusion j. (5) for Defendants' liability for alleged property damages to real property arising from Defendants' operations on the real property.

    d. Coverage is excluded under the American Reliable Policies pursuant to Exclusion j. (6) for Defendants' liability for alleged property damages to property that must be restored, repaired or replaced because Defendants' work was incorrectly performed on it, and the work was not complete.

    e. Coverage is excluded under the American Reliable Policies pursuant to Exclusion k. for Defendants' liability for alleged property damages to property the Defendants handled or installed.

    f. Coverage is excluded under the American Reliable Policies pursuant to Exclusion l. for "Damage to Your Work" for Defendants' work, if completed, not performed on its behalf by a subcontractor.

    g. Coverage is excluded under the American Reliable Policies pursuant to Exclusion m. for "Damage to Impaired Property" for damage to any property, not Defendants' product or work, that cannot be used or is less useful.

    h. Coverage is excluded under the American Reliable Policies pursuant to the Exclusion-Punitive Damages Endorsement for any punitive damages.

30. As a result of the aforesaid lack of coverage under the Policy, American Reliable has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policies. Until such time as American Reliable is able to have its rights and responsibilities under the Policies construed by this Court, American Reliable will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

31.     Inasmuch as an actual and present controversy exists concerning American Reliable's rights and obligations under the Policies, American Reliable is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, American Reliable respectfully requests this Court enter an Order:

(1)     Declaring that American Reliable has no obligation to defend or indemnify Defendants in connection with the Underlying Liability Action;

(2)     Allowing a trial by jury on any material issues of fact; and

(3)     For other and further relief as the Court may deem just and proper.

April 21, 2025.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

By:     *s/Skyler C. Wilson*
SKYLER C. WILSON
Federal Bar No.: 13008
***Attorney for Plaintiff***

40 Calhoun Street, Suite 400
Charleston, SC 29401
swilson@csvl.law
Ph: (843) 727-0307

11